AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| FERNANDA GARBER, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 12 Civ. 3704 (SAS) |
| OFFICE OF THE COMMISSIONER OF BASEBALL, et al. ) | |
| *Defendant* ) | (If the action is pending in another district, state where: Southern District of New York ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John William Henry II, Principal Owner, Boston Red Sox

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Klein Kavanagh Costello, LLP<br>85 Merrimac Street, 4th Floor<br>Boston, MA 02114 | Date and Time:<br>11/05/2013 9:30 am |
|---|---|

The deposition will be recorded by this method: __Stenographic means and video recording.__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See "Exhibit A."

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 9.26.13

_____      OR      _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*
CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Fernanda Garber, et al. _____, who issues or requests this subpoena, are:

Kevin Costello
Klein Kavanagh Costello, LLP, 85 Merrimac Street, 4th Fl., Boston, MA 02114
Tele: (617) 357-5034; Email: costello@kkcllp.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12 Civ. 3704 (SAS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  John William Henry II, Principal Owner, Boston Red Sox
was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: _____
c/o Ed Weiss, Executive Vice President, Corporate Strategy & General Counsel, Boston Red Sox,
Fenway Park, 4 Yawkey Way, Boston, MA 02215.          on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$     41.70     .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## Exhibit A

### DEFINITIONS

The following definitions shall apply:

1. "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

2. "Blackout policy" means any policy adopted by the MLB or any club members thereof, governing or relating to blackouts.

3. "Blackout" means the prevention of distribution, display, or availability of any video presentation of a live major league baseball game in any part of the United States of America by virtue of an agreement affirmatively preventing such distribution, display or availability involving the MLB, any club thereof, and/or any video programming producer or distributor.

4. "Broadcast territory" means any area of the United States in which a club or other rights holder is permitted to distribute some or any video presentations of live games.

5. "Club" means any club or team that is a member of MLB.

6. "Communication" means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs, signals or code, including oral, written or electronic communications, such as face-to-face meetings, electronic communications, emails, facsimiles, telephone communications, correspondence, or other exchange of written or recorded information. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

7. "Complaint" means any communication, or any document reflecting such communication, expressing any kind or level of dissatisfaction with any aspect of a subject matter of the communication.

8. "Document" shall be broadly interpreted as used in Rule 34(a) of the Federal Rules of Civil Procedure and means the original and all non-identical copies of all written, printed, recorded, or electronically-stored information ("ESI"), including, but not limited to, letters, correspondence, memoranda, drafts, legal pleadings, calendars, diaries, day planners, journals, travel records, lists, outlines, summaries, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, databases, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, telephone records, voicemail, telegrams, facsimiles, photographs, videotapes, audiotapes, digital audio or video recordings, other film and sound reproductions, presentations, slideshows, email, email attachments, text messages, instant messages, internal or external web sites, social networking data and

messages, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all electronic data, records or representations of any kind, including all file folders, directories, and metadata.

9. "Electronically stored information" ("ESI") includes, without limitation, the following:

   a. activity listings of electronic mail receipts and/or transmittals;

   b. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, Blackberry Messenger (or similar program including mobile instant messengers, web browser-based messengers or social network messengers) or bulletin board programs, operating and backup systems, source code, PRF files, PRY files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a backup file or system, a deleted file or system, or file fragment; and

   c. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, cloud data center(s) or in any other vehicle for digital data storage or transmittal, such as, but not limited to, desktop computers, servers and other network computers, backup tapes or systems, laptop computers, home or personal computers used for business purposes, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, iPhone or similar device (generically known as "smart phones" or "PDAs"), external storage devices (such as "keychain" drives) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

10. "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way. Including therefore means "including, but not limited to," or "including without limitation."

11. "League Defendant" means the Office of the Commissioner of Baseball, Major League Baseball Enterprises Inc., MLB Advanced Media L.P., and MLB Advanced Media, Inc.

12. "Media" means any means of communication that reach large numbers of people, such as television, newspapers, radio, magazine, websites, and Internet streaming and distribution.

13. "Media policy" means any policy relating to the MLB's, and its constituent clubs use, lack of use, or interactions with the media, including, but not limited to, rights, duties, obligations, permissions, abilities, and cooperation with respect to the distribution of video presentations of baseball game footage by over-the-air broadcast, cable, satellite, fiber-optic, or hybrid television distribution systems, or by Internet streaming, Internet Protocol Television ("IPTV"), Video on Demand ("VOD"), or other digital transmission.

14. "Media policy" means any policy relating to the MLB's, and its constituent clubs use,

lack of use, or interactions with the media, including, but not limited to, rights, duties, obligations, permissions, abilities, and cooperation with respect to the distribution of audio and video presentations of baseball game footage by over-the-air broadcast, cable, satellite, fiber-optic, or hybrid television distribution systems, or by radio or Internet streaming.

15. "MLB" or "League" means Major League Baseball or the Office of the Commissioner of Baseball, including its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity that MLB manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on their behalf.

16. "NESN" means the New England Sports Network.

17. "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state or any foreign country.

18. "Policy" or "procedure" means any rule, practice or course of conduct, guidelines or business methods or traditions whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by you.

19. "Red Sox" means the Boston Red Sox, an MLB Club.

20. "Relating to," "referring to," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other documents.

21. "Relevant Time Period" means January 1, 2006 through April 1, 2013.

22. "You" or "Your" refers to John W. Henry.

## Instructions

In producing documents and other materials, you are to furnish all documents in your possession, custody or control regardless of whether such documents or materials are physically or otherwise possessed, in the custody of or controlled directly or indirectly by you or your employees or former employees, agents or former agents, parents, subsidiaries, affiliates, outside consultants, investigators or by your attorneys or their employees, agents or investigators. (Archived documents, ESI or other information maintained by third-party vendors, cloud data centers, or off-site shall be considered within your possession, custody or

control.)

In order to maximize the efficiency of the deposition and minimize its length, please produce these documents at least five business days prior to your deposition date.

All documents produced should be numbered sequentially, with a unique production number on each page (*i.e.*, a Bates number), and with a prefix identifying the party producing the document. An electronic document produced in its native format shall include the document's production number and an MD5 or similar hash number as associated metadata.

If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, as required by Federal Rules of Civil Procedure, including the following information:

a. the reason for withholding the document;

b. the date of such communication;

c. the medium of such communication;

d. the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

e. the identity of any document that was the subject of such communication and the present location of any such document;

f. the identity of all the persons involved in such communication;

g. the identity of any document which records, refers, or relates to such communication and present location of any such document; and

h. the number or numbers of these requests for production of documents to which such information is responsive.

Each document requested herein should be produced in its entirety and without deletion, redaction or excision, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document on the ground of privilege, stamp the word "REDACTED" beside the redacted information on each page of the document that you have redacted. Any redactions to documents produced should be identified in accordance with Instructions above regarding privilege.

All ESI shall be produced in such fashion as to identify the location, *i.e.*, the network file folder, hard drive, back-up tape, or other location, where the documents are stored and, where

applicable, the natural person in whose possession they were found and the business address of each document's custodian(s). All ESI must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

ESI shall be produced, in its native format without deletion or alteration of metadata, or in a reasonably usable format agreed upon by the parties and shall include information or instructions sufficient to enable to the propounding party to access the ESI in such format.

If a producing party produces electronic documents without some or all of the metadata that was contained in the electronic documents, the producing party shall inform the other parties of this fact, in writing, at or before the time of production.

### Production of Documents Pursuant to Fed. R. Civ. P. 45

1. All Your Documents, including Your communications, sent to or received from the League or its representatives during the Relevant Time Period Relating to Media Policy, Blackout Policy or Broadcast Territory during the Relevant Time Period.

2. All Your Documents, including Your communications, sent to or received from any other Club or its representatives during the Relevant Time Period Relating to Media Policy, Blackout Policy or Broadcast Territory during the Relevant Time Period.

3. All Your Documents, including Your communications, sent to or received from NESN during the Relevant Time Period Relating to Media Policy, Blackout Policy or Broadcast Territory during the Relevant Time Period.

4. All Your Documents, including Your communications, drafted by any current or former officers, directors, managers, or employees of the Red Sox that refer to the League or its business practices, arrangements, or agreements as anti-competitive or as a cartel.

5. All Your Documents Relating to Blackout policies, Broadcast Territory and geographical restrictions on media and/or media rights sales during the Relevant Time Period.

6. All Red Sox agreements Relating to the Blackout policy during the Relevant Time Period.

7. All Your Documents relating to the Red Sox interest, analysis, or consideration of the video presentation of its own games via means other than broadcast television, including via Internet streaming, Internet Protocol Television ("IPTV"), Video on Demand (VOD), or mobile devices during the Relevant Time Period. This includes all budgets, projections, estimates, or related studies or reports prepared or received by the Red Sox.

8. All Your Documents relating to the Red Sox interest, analysis, or consideration of the League's Interactive Media Rights Agreement during the Relevant Time Period.

9. All Your Documents relating to the Red Sox interest, analysis, or consideration of the arrangement of rights to video presentation of Red Sox games as between the Red Sox and Major League Baseball Advanced Media ("MLBAM") during the Relevant Time Period.

10. All Your Documents relating to the Red Sox interest, analysis including economic analysis), or consideration of the video presentation of Red Sox games outside its designated Broadcast Territory during the Relevant Time Period, including by televising games nationally or via "superstations."

11. All Your Documents relating to the sharing of revenue between Clubs and between Clubs and the League during the Relevant Time Period.

12. All Your Documents relating to policies, formulas, analyses regarding competitive balance between clubs during the Relevant Time Period.

13. All Your Documents relating to competitive conditions in the market for the distribution of games over television or the Internet, including reports, studies or analyses relating to forecasted, projected, estimated, planned or actual: (i) market shares, (ii) consolidation, (iii) fixed or variable costs, (iv) pricing, (v) entry or exist conditions, (vi) demand/demand trends, or (vii) substitute products during the Relevant Time Period.

14. All Your Documents relating to studies, reports and presentations received or prepared by the Red Sox relating to the market for live presentation of major league professional baseball games in the United States (including management reports and presentations, financial reports and presentations, business planning and strategy reports and presentations, planning analyses, budgets, forecasts, sales projections consulting and advisory reports and presentations) during the Relevant Time Period.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).